UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

JOSHUA D. WILSON )
)
v. ) NO. 2:09-CV-113
) *Greer/Inman*
HAMBLEN COUNTY JAIL, HAMBLEN )
COUNTY SHERIFF'S DEP'T, and )
ALL EMPLOYEES of the HAMBLEN )
COUNTY DETENTION CENTER )

**MEMORANDUM and ORDER**

Joshua D. Wilson, a prisoner in the Hamblen County jail,[1] has filed this *pro se* civil rights suit for injunctive and monetary relief under 42 U.S.C. § 1983, alleging that he is being subjected to unconstitutional conditions of confinement. Although plaintiff's application to proceed *in forma pauperis* reflects that he has a zero balance in his inmate trust account, it remains that, as a prisoner, he is responsible for paying the filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff therefore is **ASSESSED** the full filing fee of three-hundred, fifty dollars ($350.00). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the

---

[1] Although two of plaintiff's fellow inmates, William B. Mefford and Matt Windover, were listed as plaintiffs in the caption of the complaint, they did not sign the pleading or submit *in forma pauperis* applications and, thus, are not considered to be plaintiffs in this lawsuit.

account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at plaintiff's current place of confinement to ensure compliance with the assessment procedures outlined herein. All payments should be sent to: <u>Clerk's Office, USDC; 220 W. Depot Street, Suite 200; Greeneville, TN 37743.</u>

The Court now must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or because monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A.

First of all, plaintiff has named the Hamblen County Jail and the Hamblen County Sheriff's Department as defendants. However, the jail itself cannot be sued under 42 U.S.C. § 1983 because it is a building and not a "person" subject to suit within the meaning of that statute. *Monell v. Department of Social Servs.*, 436 U.S. 658, 690-91 (1978). Likewise, the Hamblen County Sheriff's Department is not a suable entity. This is so because the Sheriff's Department has no legal or corporate existence apart from Hamblen County and, hence, is not a person" subject to liability under 42 U.S.C. § 1983. *Brock v. Warren County,* Tenn., 713 F.Supp. 238 (E.D.Tenn. 1989); *see also Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 & n. 55 (1978) (For purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate.").

Turning now to the substantive claims in the complaint, plaintiff alleges that the isolation pod, the unit in which he is housed, is overcrowded because it was designed to hold six inmates, but now holds twenty-four, that the pod is unsanitary, and that both the

ceiling and the plumbing are leaking into the pod, which is a problem to those inmates forced to sleep on the floor due to overcrowding. When the staff was informed about the ceiling leak, the inmates were told that it is caused by the women's shower above it and that, while the leak had been fixed before, the leak had not stopped. The staff did not show much concern about the matter nor the duties entailed in working at the facility, and the leaks continued from April 9th up to the date he filed his complaint on June 4th—just shy of two months.

Plaintiff further claims that inmates are suffering from recurring illnesses, rashes, skin irritations, and break outs, which he attributes to the unsanitary housing conditions. Also, inmates who are affected are not receiving proper medical attention and despite following the proper procedures to obtain such care, it takes a week or two to receive care, if it ever is received. Plaintiff seeks compensation for himself and his fellow inmates for physical and mental anguish. He also would like to see the facility closed or updated for the sake of current and future inmates.

From these allegations, the Court infers that plaintiff is alleging Eighth Amendment claims for unconstitutional conditions of confinement and denial or delay of medical care.

The Eighth Amendment to the United States Constitution proscribes punishments which involve the unnecessary and wanton infliction of pain. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). To prevail on an Eighth Amendment claim, an inmate must show a "sufficiently serious" deprivation and a sufficiently culpable state of mind

—one of deliberate indifference—on the part of the prison authorities. *Farmer v. Brennan*, 511 U.S. 825, 834, 842 (1994). Only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).

When prison conditions are concerned, an extreme deprivation is one "so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Helling*, 509 U.S. at 36 (emphasis in original). Furthermore, overcrowding, in and of itself, is not necessarily unconstitutional, *Johnson v. Heffron*, 88 F.3d 404, 407 (6th Cir. 1996), even if it results in restrictive and harsh conditions, unless the inmate is thereby deprived of the minimal civilized measure of life's necessities. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)

Here, plaintiff has alleged that he is confined in an overcrowded and leaky cell and that the plumbing leaks onto the floor where inmates must sleep. However, he has not asserted that he is one of those inmates. No doubt, these cramped conditions are uncomfortable and the leaks unpleasant, but these allegations do not permit the Court to infer that plaintiff is claiming a deprivation of one of life's basic needs, that is, that the risk he faces from the failure to address the leaks is not one that today's society chooses to tolerate. "'Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.'" *Johnson v. Unknown Delatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (quoting *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)). After all, even in the free world, leaky ceilings and

plumbing are not uncommon and such problems may be prolonged if plumbers are not readily available. *Gilland v. Owens*, 718 F.Supp. 665, 684 (W.D.Tenn. 1989) (rejecting a claim involving toilets and showers because "[n]o deprivation of the life necessity of sanitary conditions has occurred"). And important too is the fact that there is nothing in the record to support that the alleged overcrowding has caused the leaks. Therefore, plaintiff fails to state an Eighth Amendment claim in this regard.

This leaves for screening plaintiff's contentions regarding unidentified inmates' skin infirmities (purportedly caused by the claimed wrongful jail conditions) and lack of medical care. To show a violation of the Eighth Amendment in the context of a medical claim, a prisoner must establish that prison officials are deliberately indifferent to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Here, plaintiff complains about the lack of medical care and delays in receiving medical care, but he does not indicate that **he** ever had a serious medical need for which **he** was denied medical care. Moreover, he lacks standing to assert the rights of other prisoners who may have had serious medical needs, for which no medical attention was given. *Warth v. Seldin*, 422 U.S. 490 (1975).

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE